*E. O. Dobbs,* contra.

---

### 16834.  WILLIAMS *v.* THE STATE.

BROYLES, C. J.  1. Error is assigned upon the following excerpt from the charge of the court: "Now I have charged in all criminal cases (and you have heard me until it gets to be an old song with me) the defendant in all cases comes before the court and jury with the presumption of innocence in his favor." It is contended that the word in parentheses tended to minimize a fundamental right of the defendant, and that they gave the impression to the jury that the law of the presumption of every defendant's innocence "amounted to no more than an archaic rule, a pure technicality, and should be treated lightly, as the court treated it in his charge." *Held:* The portion of the excerpt complained of, while inaptly phrased, does not, when considered in connection with the rest of the charge upon the subject of the presumption of the defendant's innocence, require another hearing of the case.

2. Although evidence as to the good character of the accused was introduced, the failure of the court to charge upon the subject of good character, in the absence of a written request therefor, was not error. *Sanford v. State,* 31 *Ga. App.* 160 (1) (120 S. E. 29), and citations.

3. Under repeated rulings of the Supreme Court and of this court, the failure to charge upon the subject of the impeachment of witnesses was not error, there being no written request for such a charge.

4. The assignments of error not dealt with above are without merit.

5. The verdict was authorized by the evidence.

*Judgment affirmed.  Luke and Bloodworth, JJ., concur.*

DECIDED DECEMBER 15, 1925.

Seduction; from Polk superior court—Judge Irwin.  September 11, 1925.

Application for certiorari was denied by the Supreme Court.

*Mundy & Watkins,* for plaintiff in error.

*E. S. Griffith, solicitor-general, E. S. Ault,* contra.